Appeal of **GUSTAFSON MANUFAC-          Docket No. 344.
TURING COMPANY.**

Under section 234 (a) of the Revenue Act of 1918 a corporate taxpayer may not deduct as an ordinary and necessary expense more than a reasonable amount for compensation for its president.

Submitted December 12, 1924; decided January 31, 1925.

*Mr. A. S. Gustafson*, president and general manager, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before LANSDON, LITTLETON, and SMITH.

salary paid by taxpayer to A. S. Gustafson, its president and general manager, in that year from $20,000 to $16,000. From the evidence of record the Board makes the following

### FINDINGS OF FACT.

Taxpayer is a close corporation organized under the laws of the State of Tennessee, with an authorized capital of $30,000 represented by 300 shares, par value $100 each, fully paid. The majority of the stock was owned by the president and general manager. During the year 1918 taxpayer was engaged in the manufacture and sale of mine equipment.

Formal meetings of the directors were not held and no corporate minutes were kept. For the calendar year 1918 the president and general manager and his sister, who controlled the corporation, agreed that the president and general manager should receive a salary of $20,000 provided the net profits of the corporation for that year amounted to $20,000 or more; that if the corporation did not show a net profit of $20,000 or more for 1918, no salary would be paid. The profits of the corporation for the calendar year 1918 were in excess of $20,000. The gross sales for 1918 were $146,617.22 and the net income reported for that year was $13,395.23. The amount of $20,000 was charged on taxpayer's books and deducted in its return for 1918 as compensation paid to its president and general manager. The president and general manager was regularly and actively engaged in the management and conduct of the business of the corporation and devoted his entire time thereto. It was admitted at the hearing that the salary of $20,000 for 1918 was intended as a distribution of the profits of the corporation to the president and general manager by reason of his ownership of a majority of the stock.

No salary was paid the president and general manager prior to 1916. In that year $2,950 was paid. For each of the years 1917 and 1918 a salary of $20,000, contingent upon earnings in that amount, was agreed upon. The Commissioner allowed taxpayer to deduct $12,000 for 1917 and $16,000 for 1918, as reasonable compensation for its president and general manager. For 1919 taxpayer fixed the compensation of its president and general manager at $6,900. During these years the president and general manager rendered the same character of service to taxpayer.

Upon audit of the taxpayer's return for 1918 the Commissioner determined from the facts before him that $16,000 was a reasonable amount to be deducted for compensation for the president and general manager.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON: Counsel for taxpayer contends that the directors of the corporation are the sole judges as to what constitutes reasonable compensation and that since they determined upon $20,000 as a salary to be paid the president and general manager for 1918 the

Commissioner has no authority to reduce the amount notwithstanding the fact that the salary was based upon earnings or was a distribution of the profits of the corporation in the form of compensation. This contention, of course, can not be sustained.

Section 234 (a) of the Revenue Act of 1918 provides:

That in computing net income there shall be allowed as deductions all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a *reasonable allowance* for salaries or other compensation for personal services actually rendered * * *

Under the provision of this section the Commissioner not only has the authority but it is his duty to determine under all the facts obtainable the reasonableness or unreasonableness of deductions by a corporate taxpayer of compensation paid. The Commissioner, upon the evidence before him, determined that a deduction of $16,000 for compensation for the services rendered taxpayer by its president and general manager during the year 1918 was reasonable. The evidence before us does not justify a deduction for compensation of an amount in excess of that determined by the Commissioner.